IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KENNETH BRINTON,<br><br>　　　　　　Defendant. | 4:22-CR-3013<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report and moved for a downward departure or variance. Filing 97.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report's failure to include a prior state court conviction as relevant conduct. Filing 97. Understanding this objection requires familiarity with the defendant's history and his various offenses.

 In 2018, the defendant was arrested by the Beatrice Police Department after sending sexually explicit messages to a 13-year-old girl who was taking guitar lessons from him. The Saline County Sheriff's Office obtained a search warrant and searched the defendant's residence in support of that investigation. The search revealed videos the defendant had taken between 2015 and 2018 of minor girls visiting his home, using a hidden camera in his bathroom. The search also revealed other child pornography of unknown girls. No videos were found of the 13-year-old victim of the initial offenses, however.

In 2019, the defendant was convicted in state court of sexual assault and child enticement of that 13-year-old victim. He was sentenced to 5 to 7 years' imprisonment on the sexual assault charge and a concurrent term of 2 years' imprisonment for enticement. He was released from state custody on January 29, 2022. But on January 25, 2022, he had been charged by complaint in this case for possession of child pornography, and it appears that he transitioned from state to federal custody upon release from his state term of imprisonment.

Under U.S.S.G. § 5G1.3, if a federal term of imprisonment results from another offense that is relevant conduct to the offense of conviction, the Court shall adjust the sentence it is imposing to account for any time already served on an undischarged term of imprisonment resulting from the relevant conduct. § 5G1.3(b)(1). The defendant suggests that under this provision, "the prior state sentence should be considered when imposing the sentence in this federal case." Filing 97 at 4.[1]

The defendant notes that he was originally arrested in state court for possessing child pornography—the same kind of charge as in this case.

---

[1]   It's not entirely clear whether the prior state sentence is undischarged. A sentence is undischarged if the defendant is still on parole. See United States v. Hayes, 90 F. App'x 476, 477 (8th Cir. 2004). The defendant was sentenced over 4 years ago, and got substantial credit for time served, so he may or may not still be on parole now.

But it doesn't really matter: *If* the prior state sentence here was discharged, and, *if* the defendant would have received an adjustment under § 5G1.3(b) had that sentence been undischarged, U.S.S.G. § 5K2.23 provides for a downward departure. *See also* § 5G1.3 cmt. n.5. The Court recognizes its authority under § 5K2.23 if it finds that the defendant's prior offense was relevant conduct but his sentence has been discharged. See United States v. Young, 652 F. App'x 485, 486 (8th Cir. 2016).

Filing 97 at 4. The defendant contends that his state sentence was at least in part "based upon the evidence that provides the basis for his pending federal charges."[2] The government, on the other hand, points out that the defendant's prior *conviction* was based on enticement and sexual assault of a minor victim who is not a victim in this federal case: "The only commonality between the state crime and the federal crime is that they occurred somewhat close in time, and they both involved the Defendant's sexual exploitation of young girls." Filing 99 at 3.

As matters stand, the Court's tentative finding is that the government's position is more persuasive. It appears to the Court that although the defendant committed several crimes based on his sexual proclivities, there is little to suggest that his prior conviction and the present offense were "part of the same course of conduct or common scheme or plan." *See* U.S.S.G. § 1B1.3(a)(2). But the Court will make a final determination on the defendant's objection at sentencing, as well as the defendant's contingent request for a departure or variance on this basis.

---

[2] The Court notes that if the prior offense was "in part" relevant—a big "if" to be sure--§ 5G1.3(d) may permit a departure "if the defendant has served a very substantial period of imprisonment" for a "term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense." *Id.*, cmt. n.4(E).

> In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings. Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

*Id*. The Court, again, acknowledges its authority to depart *if* the defendant shows that the prior offense was even partially relevant conduct.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 19th day of September, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge